```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      ELKINS
```

**WALTER RETTIG and BRODERICK HINKLE,**
on Behalf of Themselves and All
Others Similarly Situated,

    **Plaintiffs,**

v.                                           **CIVIL ACTION NO. 2:21-CV-08**
                                                                                    **(KLEEH)**

**ALLIANCE COAL, LLC,**
**ALLIANCE RESOURCE PARTNERS L.P.,**
**ALLIANCE RESOURCE OPERATING PARTNERS, L.P.,**
**ALLIANCE RESOURCE MANAGEMENT GP, LLC,**
**and METTIKI COAL (WV), LLC,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING CONDITIONAL CERTIFICATION**

Pending before the Court is *Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b)*. ECF No. 32. For the reasons discussed herein, the Motion is **DENIED**.

### I.   BACKGROUND

**A. Allegations in the Collective Action Complaint**

On April 6, 2021, Plaintiffs Walter Rettig and Broderick Hinkle ("Plaintiffs") filed a Collective Action Complaint. ECF No. 1, Compl. In the Complaint, Plaintiffs bring one cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, <u>et seq.</u>, alleging violations of overtime pay. Specifically, Plaintiffs allege Defendants failed to pay for "off-the-clock"

work and overtime in violation of FLSA.

The action is brought by Plaintiffs and on behalf of "[a]ll current and former non-exempt employees who performed work in underground mines or surface coal preparation plants at the West Virginia Mines, and who were employed by Defendants between April 6, 2018 and the present (the "FLSA Collective")." Id. ¶ 24. Named plaintiffs were employed by Defendants as coal miners in the Mettiki Mountainview Mine, a mine owned and operated by Mettiki Coal (WV), for various time periods. Id. ¶¶ 6-7, 12.

The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed. See 29 U.S.C. § 207(a)(1). Id. ¶ 75. In addition to failing to pay for overtime work, Defendants allegedly failed to create, keep and preserve records with respect to work performed by the plaintiffs and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA. Id. ¶ 85.

### B. Procedural Posture

On April 6, 2021, Plaintiffs filed their Collective Action Complaint. ECF No. 1, Compl. Initial filings ensued. Thereafter, the Court stayed discovery deadlines [ECF No. 109] pending resolution of the following motions: Defendants' Motion to

Trifurcate Case Management Schedule and Discovery [ECF No. 31]; Plaintiffs' Motion for Conditional Certification [ECF No. 32], which is the subject of this Memorandum Opinion and Order; Defendant Tunnel Ridge's Motion to Dismiss [ECF No. 34]; and the Parent Defendants'[1] Motion to Dismiss [ECF No. 36]. The Parent Defendants' Motion to Dismiss [ECF No. 36] was denied by Memorandum Opinion and Order because Plaintiffs presented sufficient evidence that the Parent Defendants had purposefully availed themselves of the privilege of conducting business in the state of West Virginia. ECF No. 118.

On February 1, 2023, the Court granted a joint motion to stay for purposes of conducting a mediation. ECF No. 142. On June 27, 2023, the parties notified the Court that mediation did not result in a resolution. ECF Nos. 164, 147, 148. The Court lifted the stay on September 1, 2023. ECF No. 152. Tunnel Ridge's Motion to Dismiss for Failure to State a Claim and for Lack of Standing [ECF No. 34] was granted by Memorandum Opinion and Order. ECF No. 153.

*Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b)* [ECF No. 32] is fully briefed [see ECF Nos. 43, 44, 50] and ripe for review.

---

[1] The Parent Defendants, sometimes referred to as the Alliance Defendants, are Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resource Operating Partners, L.P., and Alliance Resource Management GP, LLC.

## II.  **FLSA CONDITIONAL CERTIFICATION LEGAL STANDARD**

The FLSA provides a right of action by one or more employees "and other employees similarly situated" against an employer. 29 U.S.C. § 216(b). To become a party plaintiff, a putative employee must affirmatively "opt in" to the suit by consenting in writing and filing the same in court. Id.; see also Degidio v. Crazy Horse Saloon and Rest. Inc., 880 F.3d 135, 143 (4th Cir. 2018) (the "[written consent to join an FLSA class] has come to be known as the 'opt-in' requirement.").

Although the term "similarly situated" is not defined by the FLSA or the Court of Appeals for the Fourth Circuit, district courts often apply "a two-step process to determine whether potential plaintiffs are similarly situated." Chapman v. Saber Healthcare Group, LLC, 623 F. Supp. 3d 664, 672 (4th Cir. 2022) (internal citations omitted); Ting You v. Grand China Buffet & Grill, Inc., No. 1:17cv42, 2018 WL 1352174, *1 (N.D.W. Va. Mar. 15, 2018). Putative class members must (1) be similarly situated, and (2) opt in to the pending collective action. Ting You, 2018 WL 1352174 at *1.

To determine whether potential plaintiffs are similarly situated, the Named Plaintiffs bear the burden of showing they are "victims of a single decision, policy, or plan that violated the

law." Id. at *2 (quoting Nolan v. Reliant Equity Invs., LLC, No. 3:08-62, 2009 WL 2461008, at *7 (N.D. W. Va. Aug. 10, 2009)). Indeed, the standard is "lenient . . . and requires only minimal evidence." Long v. CPI Sec. Sys., Inc., 292 F.R.D. 296 (W.D.N.C. 2023) (quoting Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 705 (E.D.N.C. 2011)). "The primary focus in this inquiry is whether the potential plaintiffs are similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." Id. at 298-99 (internal quotation and citation omitted).

Though the burden may be lenient, Named Plaintiffs must demonstrate a "'factual nexus' that connects his claims to the other putative plaintiffs 'as victims of an unlawful practice.'" Ting You, 2018 WL 1352174 at *2 (internal citation omitted). Stated another way, the Named Plaintiffs must "submit evidence establishing 'a colorable basis for their claim that a class of "similarly situated" plaintiffs exist[s].'" Id. (internal citation omitted). "Mere allegations will not suffice; some factual evidence is necessary." Purdham v. Fairfax Cnty. Pub. Sch., 629 F.Supp.2d 544, 548 (E.D. Va. 2009) (quoting Bernard v. Household Int'l, Inc., 231 F.Supp.2d 433, 435 (E.D. Va. 2002) (citation omitted)). Therefore, the burden on Named Plaintiffs is "'not

onerous,' but it is also 'not invisible.'" Id. (citing Parker v. Rowland Express, Inc., 492 F.Supp.2d 1159, 1164 (D. Minn. 2007) (citations omitted)). If Named Plaintiffs meet the lenient standard, the court will conditionally certify the class and "authorize[] plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in." Romero, 796 F.Supp.2d at 705 (citation omitted). Later comes an attempt by the defendant to "decertify" the class. Id. This determination is typically made after discovery is complete and includes a more arduous standard than in the first stage. Id.

### III. DISCUSSION

Here, at notice stage, Named Plaintiffs move the Court for conditional certification and issuance of notice to other similarly situated individuals. ECF No. 32. Mettiki responds in opposition, arguing Plaintiffs have failed to demonstrate they and potential opt-in plaintiffs are similarly situated or identify a common policy at Tunnel Ridge and/or Mettiki. ECF No. 43. Parent Defendants also respond in opposition, stating that because Plaintiffs cannot show others similarly situated and Tunnel Ridge is not a joint employer over Plaintiffs, the motion for conditional certification should be denied. ECF No. 44. Plaintiffs replied in

support and moved to supplement their briefing with an affidavit of one coal miner who worked at Tunnel Ridge. ECF Nos. 50, 113.

**A. Similarly Situated**

Plaintiffs have failed to show a group of similarly-situated proposed plaintiffs exists. 29 U.S.C. § 216(b). Therefore, the Court **DENIES** the motion. Named Plaintiffs seek conditional certification of a class consisting of "all current and former non-exempt employees who performed work in underground mines or surface coal preparation plants at the West Virginia Mines (Mettiki and Tunnel Ridge) between April 6, 2018, and the present and who elect to opt in to this action ("Coal Miners")." ECF No. 32 at 2. Defendants have offered more competent evidence to rebut Plaintiffs' contentions than Plaintiff has submitted in support.

For instance, Plaintiffs Rettig and Hinkle, and opt-in Larry Taylor worked at the Mettiki Mine. Id. Other than this evidence, Plaintiffs submitted complaints and affidavits from other cases involving Parent Defendants' mines but fail to describe how the attachments relate to this case. See ECF Nos. 32-2- 32-18, Exs. A-Q. None of the attached complaints are filed against Tunnel Ridge. Id. No affidavit included declarations by coal miners who worked at Tunnel Ridge [see id.] until Plaintiffs attempted to supplement their briefing months later. ECF No. 113. In contrast, Defendants

submitted seventeen (17) affidavits of declarants who worked at Mettiki or Tunnel Ridge, each of whom would not opt-in to the lawsuit and provided evidence in contravention of Plaintiffs' "common policy" claims. ECF Nos. 43-4 – 43-22, Ex. 3-21.

Plaintiffs' proposed class is not similarly situated. Plaintiffs filed a motion to supplement [ECF No. 113] and attached a Declaration of Kory Leedy, a former coal miner who worked at the Tunnel Ridge Mine. ECF No. 113-1, Ex. A, Decl. Leedy. Recognizing Plaintiffs' claims were subject to dismissal under Rules 12(b)(1) and (6) [ECF No. 34], Plaintiffs attempted to cure the deficiency by filing the aforementioned supplement and affidavit.  However, Plaintiffs' deficiencies are not so cured. Having found that Tunnel Ridge and the Parent Defendants are not joint employers [see ECF No. 153],[2] and because Plaintiffs did not work at Tunnel Ridge, Plaintiffs' claim that Tunnel Ridge directed a common "policy[] or plan that violated the law" applicable to Plaintiffs and others automatically fails even under the lenient standard to conditionally certify a class under the FLSA. Ting You, 2018 WL 1352174 at *2.

Indeed, Plaintiffs' affidavits and attachments are the only purported evidence supporting the claim that there are other

---

[2] Court's Memorandum Opinion and Order Granting Tunnel Ridge's Motion to Dismiss.

employees similarly situated to tip the Court in favor of granting the request for conditional certification. However, the affidavits include sworn statements of coal miners or employees from other civil actions who worked at mines other than Tunnel Ridge, such as Mettiki, River View, Warrior, and Excel Mining. ECF Nos. 32-2- 32-18, Exs. A-Q. Mettiki is the only mine Plaintiffs lodged allegations against in their complaint. This evidence is not enough to support conditional certification. See Bernard v. Household Int'l, Inc., 231 F.Supp.2d 433, 435 (E.D. Va. 2002) (citation omitted) ("Mere allegations will not suffice; some factual evidence is necessary.").

While Plaintiffs' proposed supplement included "new evidence," namely an opt-in and affidavit of a former miner at the Tunnel Ridge Mine, the "new" evidence is the sole evidence Plaintiffs set forth against Tunnel Ridge. Id. Even if the Court granted the motion for leave to supplement and considered the evidence supplied therein, it would fall short of the burden to conditionally certify the class as Plaintiffs have proposed it, which is a class consisting of "all current and former non-exempt employees who performed work in underground mines or surface coal preparation plants at the West Virginia Mines (Mettiki and **Tunnel Ridge**) between April 6, 2018, and the present and who elect to opt

**MEMORANDUM OPINION AND ORDER DENYING CONDITIONAL CERTIFICATION**

in to this action ("Coal Miners")." ECF No. 32 at 2 (emphasis added). Because Plaintiffs have failed to make the requisite showing, the Court is not required to move to step two of the analysis. Should Plaintiffs narrow the proposed class and provide a sufficient factual basis for conditional certification, the Court grants leave for Plaintiffs to re-file their motion.

The Court denies the motion to supplement. ECF No. 113. It does so because a supplemental brief is not an appropriate means to amend a complaint, which is essentially what Plaintiffs attempt to do here. See Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009). Plaintiffs have not moved to amend the complaint and have not provided a proposed amendment; instead, Plaintiffs moved to supplement the briefing in this case and file a declaration which includes sworn statements not included in the complaint. ECF No. 113-1, Decl. Kory Leedy.

## IV. CONCLUSION

Given the foregoing reasons, the Court **DENIES** the motion for conditional certification [ECF No. 32] and grants Plaintiffs leave to refile the motion should they narrow the putative class of similarly situated persons in accordance with this Memorandum Opinion and Order and record. The motion to supplement [ECF No. 113] is **DENIED.** Defendants' Motion to Trifurcate Case Management

Schedule and Discovery [ECF No. 31] is **DENIED** and the parties are **DIRECTED** to file a Rule 26(f) report within 30 days of this Memorandum Opinion and Order.

Finally, because the Court in its discretion may "equitably toll limitations where extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time," Plaintiffs' motion for equitable tolling is **DENIED** without prejudice and with leave to refile should they deem it appropriate [ECF No. 95]. <u>Lee v. Solar Energy World, LLC</u>, No. RDB-19-1993, 2021 WL 915287 at *5 (D. Md. Mar. 10, 2021) (citing <u>Cruz v. Maypa</u>, 773 F.3d 138, 146 (4th Cir. 2014) (internal quotation marks omitted).

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:**  September 29, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA