IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WALTER RETTIG and BRODERICK HINKLE,
on Behalf of Themselves and All
Others Similarly Situated

       Plaintiffs,

v.                           CIVIL ACTION NO. 2:21-CV-08
                                      (Kleeh)

ALLIANCE COAL, LLC,
ALLIANCE RESOURCE PARTNERS, L.P.,
ALLIANCE RESOURCE OPERATING PARTNERS, L.P.,
ALLIANCE RESOURCE MANAGEMENT GP, LLC,
METTIKI COAL (WV), LLC, and
TUNNEL RIDGE, LLC

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER [ECF NO. 166]

Pending before the Court is Plaintiffs Walter Rettig and Broderick Hinkle's (together, "Plaintiffs") *Motion for Reconsideration of the Court's Opinion and Order* [ECF No. 166]. Defendants Alliance Coal, LLC, Alliance Resource Partners, L.P., Alliance Resource Operating Partners, L.P., Alliance Resource Management GP, LLC, and Mettiki Coal (WV), LLC (together, "Defendants"), filed *Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration of the Court's Order Dismissing Tunnel Ridge with Prejudice.* ECF No. 168. Plaintiffs filed a *Reply in Support of Motion for Reconsideration of the Court's Opinion and Order.* ECF No. 170.

Rettig & Hinkle v. Alliance Coal, LLC, et al.                    2:21-CV-08

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

Plaintiffs' *Motion for Reconsideration of the Court's Opinion and Order* [ECF No. 166] is fully briefed and ripe for decision. For the reasons that follow, the motion is **DENIED**.

## I. INTRODUCTION

The procedural and factual background of this cause of action were discussed at length in the Court's September 1, 2023, *Memorandum Opinion and Order Granting Motion to Dismiss* [ECF No. 153] and will not be reposited here. In the September 1, 2023, Memorandum Opinion and Order, the Court granted Tunnel Ridge's ("Defendant") *Motion to Dismiss for Failure to State a Claim and for Lack of Standing*, [ECF No. 34] finding that Plaintiffs failed to allege facts sufficient to support their joint employer theory against Tunnel Ridge. ECF No. 153.

Plaintiffs now seek reconsideration on the Court's ruling. As illustrated in their *Memorandum of Law in Support of Motion for Reconsideration of the Court's Opinion and Order*, "[p]laintiffs seek limited reconsideration of the Court's dismissal of Tunnel Ridge that was made *with* prejudice — and [] respectfully ask the Court to recast the prior dismissal of Tunnel Ridge as a dismissal without prejudice . . ." ECF No. 166-1. Plaintiffs argue that they should be permitted to amend their Complaint to add, as a Collective representative, former miner at the Tunnel Ridge Mine ("Kory Leedy" or "Mr. Leedy"). Id. Specifically, Plaintiffs argue

2

**Rettig & Hinkle v. Alliance Coal, LLC, et al.**                2:21-CV-08

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

that adding Mr. Leedy to the Complaint would not be futile, as such an amendment would cure the deficiencies identified by the Court in Plaintiff's Complaint [ECF No. 1], and with this, further argue that denial of subject motion would be an abuse of this Court's discretion. Id.

## II.  LEGAL STANDARD

Plaintiffs bring their motion pursuant to Rule 54 of the Federal Rules of Civil Procedure. Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of orders that do not constitute final judgments in a case. See Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991). Specifically, Federal Rule of Civil Procedure Rule 54(b) states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Pursuant to this rule, a court may reconsider an interlocutory order such as this one "at any time prior to the entry of a final judgment." Fayetteville, 936 F.2d at 1469. While it remains unclear the standard by which the district court must exercise its

3

**Rettig & Hinkle v. Alliance Coal, LLC, et al.**                    **2:21-CV-08**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION [ECF NO. 166]**

discretion, the Fourth Circuit has made clear Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003) (identifying the difference between motions for reconsideration of final judgments, governed by Rules 59(e) and 60(b), and those that seek reconsideration of interlocutory orders, which are subject to a more lenient standard for revision under Rule 54(b)). Accordingly, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. . . Said power is committed to the discretion of the district court." Id. at 514-15.

Notwithstanding this otherwise broad discretion to reconsider interlocutory orders, such discretion is "narrowed in the context of motions to reconsider issues going to the court's Article III subject matter jurisdiction." Id. at 515. Moreover, a district court's earlier decisions become "law of the case" and, absent an exception, must be followed. Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988). Thus, a court "may depart from the law of the case" only if there is: (1) "a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice."

Rettig & Hinkle v. Alliance Coal, LLC, et al.                    2:21-CV-08

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (cleaned up). In other words, Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

### III. DISCUSSION

The Court's decision on Tunnel Ridge's Motion to Dismiss [ECF No. 34] "did not resolve all claims against all parties, was interlocutory and thus subject to revision at any time []" under Rule 54(b). Saint Annes Dev., Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011). Accordingly, where, such as here, a party moves the Court to revise an interlocutory order, they must demonstrate: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Carlson, 856 F.3d at 325. Plaintiffs do not point to any change in applicable law or clear error causing manifest injustice warranting reconsideration. Plaintiffs instead place reliance upon a new evidence argument.

A.   **Plaintiff's Motion for Reconsideration: A "New Evidence" Argument**

In Boryan v. United States, the Fourth Circuit Court of Appeals established a five-element test for new evidence based on

5

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

motions to reconsider under Rules 59 and 60. Under this five-element test, a party moving for reconsideration based on new evidence must demonstrate:

1.  the evidence is newly discovered since the judgment was entered;

2.  due diligence on the party of the movant to discover the new evidence has been exercised;

3.  the evidence is not merely cumulative or impeaching;

4.  the evidence is material; and

5.  the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). Several district courts within this Circuit have followed a similar approach and applied this test under Rule 54. See Best v. Butterball, LLC, 2024 WL 386921, at *2 (E.D.N.C. Jan. 31, 2024); I.P. ex rel. Newsome v. Pierce, 2020 WL 3405209, at *2 (E.D.N.C. June 19, 2020); Webb v. Daymark Recovery Servs., Inc., 2023 WL 3203164, at *10 (M.D.N.C. May 2, 2023); In re Vulcan Constr. Materials, LLC, 433 F. Supp. 3d 816, 823–24 (E.D. Va. 2019); Slavin v. Imperial Parking (U.S.), LLC, 2018 WL 337758, at *4 (D. Md. Jan. 9, 2018), amended, 2018 WL 826520 (D. Md. Feb. 9, 2018).

Following the approach taken by the District Court for the Eastern District of North Carolina, the Court assumes without

**Rettig & Hinkle v. Alliance Coal, LLC, et al.**                    **2:21-CV-08**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION [ECF NO. 166]**

deciding that Plaintiffs' "new evidence" satisfies the third and
fourth <u>Boryan</u> factors. <u>See</u> <u>Best</u>, No. 4:22-CV-147-FL, 2024 WL
386921, at *2. However, Plaintiffs cannot demonstrate the first,
second, or final factor.

First, in their briefings [ECF No. 166-1], Plaintiffs concede
that the "new evidence" at issue, namely an opt-in and affidavit
of Mr. Leedy, former miner at the Tunnel Ridge Mine, consists of
documentation that was filed before the entry of the Order granting
Tunnel Ridge's Motion to Dismiss. Where, such as here, "evidence
[] is available to a party prior to entry of judgment," such
evidence is "not a basis for granting a motion for reconsideration
as a matter of law." <u>Boryan,</u> 884 F.2d at 771. Second, the remaining
Defendants argue that the "new evidence" offered by Plaintiffs was
readily available to and would have been discovered by Plaintiffs
"presumably as early as April 2021 when they filed the Complaint,
had they been diligent in their investigation." ECF No. 168.
Although the record indicates that the evidence offered by Mr.
Leedy was not discovered by Plaintiffs until he came forward to
join the lawsuit after their Complaint was filed, this Court finds
that such information could have been discovered had the Plaintiffs
investigated their claims with due diligence, prior to judgment
being entered at the latest. <u>See</u> <u>Lawrence v. Lynch</u>, 826 F.3d 198,
204 (4th Cir. 2016) (defining "due diligence" as "[t]he diligence

**Rettig & Hinkle v. Alliance Coal, LLC, et al.**            **2:21-CV-08**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

<u>reasonably expected</u> from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.")(citing Diligence, <u>Black's Law Dictionary</u> (10th ed. 2014)). Finally, Plaintiffs' "new evidence" is the sole evidence Plaintiffs set forth against Tunnel Ridge and does not adequately establish that Tunnel Ridge is a joint employer under the FLSA. Accordingly, the subject "new evidence" is neither likely to produce a new outcome if the case were re-tried, nor such that would require the judgment to be amended.

In sum, Plaintiffs' "new evidence" does not qualify as new, was not discovered by due diligence, and would not result in a different outcome. The Court therefore concludes that Plaintiffs have failed to establish grounds for reconsideration under Rule 54.

## IV.   CONCLUSION

Here, Plaintiffs have not demonstrated that there is an intervening change in controlling law, have not adequately raised any new evidence that was previously unavailable, have not pointed to any clear error of law, and have not demonstrated that they would suffer manifest injustice as a result of the Court's *Memorandum Opinion and Order granting dismissal of Tunnel Ridge from this suit with prejudice* [ECF No. 153]. Accordingly,

8

**Rettig & Hinkle v. Alliance Coal, LLC, et al.**             **2:21-CV-08**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [ECF NO. 166]**

Plaintiffs have not met their burden, and thus, their Motion for Reconsideration is **DENIED** [ECF No. 166].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** August 6, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

9